

United States Department of Justice

*United States Attorney*
*Northern District of New York*

| | |
|---|---|
| *100 South Clinton Street, P.O. Box 7198* | Tel.: (315) 448-0672 |
| *James M. Hanley Federal Building* | Fax: (315) 448-0658 |
| *Syracuse, New York 13261-7198* | |

February 20, 2019

Hon. David E. Peebles
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
Syracuse, New York 13261-7396

      Re:    **United States' Request for Extension of Deadlines Regarding Searching Electronic Evidence Seized Pursuant to Search Warrant (*Case No. 5:18-MJ-768 (DEP)*)**

Dear Judge Peebles:

      Through this letter, the United States respectfully requests that the Court extend the deadlines mandated in the Addendum to the enclosed search warrant, which was signed on December 21, 2018 (the "Search Warrant"), for an additional 60 days. For the reasons described below, the government respectfully submits that there is good cause to extend these deadlines.

      In the Search Warrant, this Court authorized the United States to search two electronic devices, a black Samsung Galaxy JE Emerge cellular phone and a white Sony Vaio laptop (collectively, the "Devices"). For the Court's convenience, the Search Warrant is enclosed with this letter as Exhibit 1. In signing the requested warrant, this Court added an "Addendum" requiring, inter alia, that all electronic devices seized pursuant to the warrant must be returned within 60 days and that "[t]he computer or electronic media search authorized by this warrant shall be completed within sixty (60) days of the date of this warrant. This period may be extended by the court upon a showing of good cause."

      The 60-day period covered by the Addendum authorized searching the Devices from December 21, 2018, through and including February 19, 2019. Through this letter, the government seeks a 60-day extension of the period of time to search the Devices, beginning on February 20, 2019 and through and including April 21, 2019. The government has completed an initial examination of the Devices, but it needs additional time to run forensic tests, which will include looking at so-called "unallocated" spaces, including where files go after they are deleted. Due to resource constraints and the high number of electronic devices generally needing forensic examination by law enforcement, it normally takes more than 60 days to obtain a forensic analysis of an electronic device. Wherefore, the government respectfully submits that good cause exists to extend the 60-day deadline of the Addendum as requested herein.

Letter to Hon. David E. Peebles
Case No. 5:18-mj-00768-DEP
February 20, 2019
Page 2 of 2

WHEREFORE, the government respectfully asks this Court to extend the deadlines mandated in the Addendum to the enclosed Search Warrant for an additional 60 days beginning on and extending from February 20, 2019, subject to further extension(s) upon written application by the government and a showing at that time of a good cause for further delay.

Respectfully submitted,

GRANT C. JAQUITH
United States Attorney

By: /s/ Michael F. Perry

Michael F. Perry
Assistant United States Attorney
Bar Roll No. 518952

## ORDER

The Court finds that the government has shown good cause for extending the deadlines mandated in the Addendum to the enclosed December 21, 2018 search warrant in Case No. 5:18-mj-768-DEP for an additional 60 days, beginning on February 20, 2019. Wherefore, it is ORDERED that all such deadlines are extended for 60 more days beginning on February 20, 2019. The government may seek additional extensions upon a showing of good cause. It is so ORDERED.

Dated and entered this __20th__ day of February, 2019

David E. Peebles
U.S. Magistrate Judge

# Exhibit 1

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>A black Samsung Galaxy J3 Emerge phone with the following identifiers: SM J327P; and IMSI: 310120233777159; and a white Sony Vaio Model PCG-3E2L laptop with the following identifiers: Service Tag: C1033Q0V; FCC ID: 2DS-BRCM1026; and IC: 9324A-BRCM1026 as more fully described in attachment A. | Case No.   5:18-MJ- 768 (DEP) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Northern     District of     New York
*(identify the person or describe the property to be searched and give its location):*
A black Samsung Galaxy J3 Emerge phone with the following identifiers: SM J327P; and IMSI: 310120233777159 and a white Sony Vaio Model PCG-3E2L laptop with the following identifiers: Service Tag: C1033Q0V; FCC ID: 2DS-BRCM1026; and IC: 9324A-BRCM1026 as more fully described in attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*
See attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before     January 4, 2019     *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Hon. David E. Peebles     .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: December 21, 2018 @ 2:00 pm     _____
    *Judge's signature*

City and state:     Syracuse, New York     Hon. David E. Peebles, U.S. Magistrate Judge
    *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>5:18-MJ- | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A
### Property to Be Searched

This warrant applies to the following electronic devices seized from Kenneth Houck on December 11, 2018, and currently in the possession of law enforcement:

- A black Samsung Galaxy J3 Emerge phone with the following identifiers: SM J327P; and IMSI: 310120233777159; and

- A white Sony Vaio Model PCG-3E2L laptop with the following identifiers: Service Tag: C1033Q0V; FCC ID: 2DS-BRCM1026; and IC: 9324A-BRCM1026.

# ATTACHMENT B

## Particular Things to Be Seized

A complete forensic copy/mirror image of each electronic device described in Attachment A, as well as all information that constitutes fruits, contraband, evidence and instrumentalities of violation of 18 USC § 2252A, including information pertaining to the following matters:

a. The solicitation and coordination of activities associated with child pornography;

b. Records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts;

c. Connection logs and records of user activity;

d. Records relating to SUBJECT ACCOUNT to include, but not limited to, correspondence, billing records, and any other subscriber information;

e. Evidence indicating how and when the account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

f. The identity of the person(s) who created or used the user IDs, including records that help reveal the whereabouts of such person(s);

g. The identity of the person(s) who communicated with the account about matters relating to the production, distribution, possession, and receipt of child pornography, including records that help reveal their whereabouts;

h. Any and all image and video files depicting any minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2); and

i. Any and all correspondence, chats, or other writings or documentation relating to the creation or production of sexually explicit images or videos of any minor, and

1

the transportation, distribution, receipt, possession, and access with intent to view said depictions.

### I.     Method of delivery

Governmetn-approved persons shall disclose responsive data if any, by sending said response to FBI Special Agent Martin Baranski, 250 South Clinton Street, Suite 330, Syracuse, NY 13202, by using the U.S. Postal Service or another courier service, notwithstanding the provisions of 18 U.S.C. § 2252A or any other law or regulation.

# Addendum to Search Warrant

1. **Completion of Computer Search.** The computer or electronic media search authorized by this warrant shall be completed within sixty (60) days of the date of this warrant. This period may be extended by the court upon a showing of good cause.

2. **Minimization.** In executing the search of any computer or computer-related items authorized by this warrant, the law enforcement officers executing the search [hereinafter referred to as the "United States"] shall make reasonable efforts to utilize computer search methodology that avoids searching files, documents, or other electronically stored information which is not identified in the warrant.

3. **Return of Data.** If a resident or occupant of the premises from which a computer is seized pursuant to this warrant makes a written request to the United States for a return of the seized data storage devices, the United States shall provide such person within sixty (60) days of the receipt of such request with a copy of any requested data and electronically stored information that does not constitute contraband or instrumentalities of a crime or which has not been searched in accordance with paragraph (1) above. If the United States withholds any data or electronically stored information requested by any resident of the premises searched, the United States shall identify such withheld information or data to such resident and state the reason such data or information is not being returned.

4. **Return of Electronic Storage Device.** The United States shall determine within sixty (60) days of the execution of the warrant whether any seized electronic storage device contain any of the Items for which the search was authorized or any contraband, instrumentalities of a crime, or property subject to forfeiture. If none is found, any such electronic storage device shall be returned forthwith to the premises from which it was seized. This period may be extended by the court upon a showing of good cause.

5. **Retention of Rights.** Nothing in this warrant or this addendum shall limit or prevent the United States from seizing any computer as contraband or as an instrumentality of a crime or from commencing forfeiture proceedings against a computer or the data contained therein. Moreover, nothing in this warrant or this addendum shall limit or prevent any person from filing a motion for the return of seized property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure or seeking any other relief such person deems appropriate.